IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RUBEN J. MARTINEZ,

      Petitioner,

v.                           CASE NO. 5:15-cv-140-LC-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Petitioner's *pro se* Petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254, stemming from his

conviction for sexual battery on a person less than twelve years of age.

(ECF No. 1.) Respondent has filed a response and appendix with relevant

portions of the state-court record, arguing that the Petition should be

denied. (ECF No. 16.) Petitioner filed a reply, (ECF No. 18), and the

Petition is therefore ripe for review. Upon due consideration of the Petition,

the response, the state-court record, and the reply, the undersigned

recommends that the Petition should be denied.[1]

_____

[1] The Court has determined that an evidentiary hearing is not warranted because
the Court may resolve the Petition on the basis of the record. *See* Rule 8, Rules

## State-Court Proceedings

Petitioner was charged by information on July 23, 2012, with one count of sexual battery on a person less than twelve years of age. (ECF No. 16-1 at 18.) The state later filed a notice of intent to use child hearsay statements made by the victim and her sister and a notice of intent to use relevant and other act evidence. (*Id.* at 38–40, 51–55.) Petitioner, through counsel, subsequently filed a motion in limine. (*Id.* at 154.) The trial court held a hearing on October 18, 2013, to address the *Williams*[2] rule evidence and the child hearsay statements. (*Id.* at 153–83.)[3]

---

Governing Habeas Corpus Petitions Under Section 2254.

[2] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

[3] "*Williams* rule evidence" is evidence of bad acts not included in the charged offenses—generally referred to as "collateral crimes evidence." *Paulcini v. State*, 42 So. 3d 338, 344 (Fla. Dist. Ct. App. 2010) (citing *Williams*, 110 So. 2d at 654)). At the time, the *Williams* rule was codified in Fla. Stat. § 90.404(2) (2013), and stated:

(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.

(b) 1. In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant.

2. For the purposes of this paragraph, the term "child molestation" means conduct proscribed by s. 787.025(2)(c), s. 787.06(3)(g) and (h), s. 794.011, excluding s. 794.011(10), s. 794.05, s. 796.03, s. 796.035, s. 800.04, s. 827.071, s. 847.0135(5), s. 847.0145, or s. 985.701(1) when committed against a person 16 years of age or younger.

The state thereafter filed an amended information on October 25, 2013, charging Petitioner with one count of sexual battery on a person less than twelve years of age and one count of lewd and lascivious molestation on a person less than twelve years of age (*Id.* at 79.)

Prior to jury selection on October 28, 2013, the trial judge orally pronounced its ruling to allow the child hearsay statements made by the victim, as well as all of the *Williams* rule evidence. (*Id.* at 195, 200–04, 204–06.) With respect to the *Williams* rule evidence the trial judge stated:

---

(c) 1. In a criminal case in which the defendant is charged with a sexual offense, evidence of the defendant's commission of other crimes, wrongs, or acts involving a sexual offense is admissible and may be considered for its bearing on any matter to which it is relevant.

2. For the purposes of this paragraph, the term "sexual offense" means conduct proscribed by s. 787.025(2)(c), s. 787.06(3)(b), (d), (f), (g), or (h), s. 794.011, excluding s. 794.011(10), s. 794.05, s. 796.03, s. 796.035, s. 825.1025(2)(b), s. 827.071, s. 847.0135(5), s. 847.0145, or s. 985.701(1).

(d) 1. When the state in a criminal action intends to offer evidence of other criminal offenses under paragraph (a), paragraph (b), or paragraph (c), no fewer than 10 days before trial, the state shall furnish to the defendant or to the defendant's counsel a written statement of the acts or offenses it intends to offer, describing them with the particularity required of an indictment or information. No notice is required for evidence of offenses used for impeachment or on rebuttal.

2. When the evidence is admitted, the court shall, if requested, charge the jury on the limited purpose for which the evidence is received and is to be considered. After the close of the evidence, the jury shall be instructed on the limited purpose for which the evidence was received and that the defendant cannot be convicted for a charge not included in the indictment or information.

(3) Nothing in this section affects the admissibility of evidence under s. 90.610.

The other issue that we look at is the Williams Rule evidence, and that would be the testimony of several family members of similar acts that occurred over the years, even though the years, the incidents are somewhat separated in time. The incidents all involved the family members or step-children of Mr. Martinez. The incidents were essentially the same type of incident, there were some variation in the incidents, some variation in the age, but they were family members. The events usually occurred when the family members were younger, and when the family members became of the age of 15 or 16, the conduct was resisted, and then a younger family member would be located. And the method of there being either no one at home, or the other person in the home in the shower, and telling the children, the children to be quiet and so forth, they seem consistent, they go to establish the opportunity, the intent, the preparation, the plan, the knowledge, of course the identity in the absence of any mistake or accident. I believe all those Williams Rule issues would be relevant for all of those. The Court reviewed a number of cases, and the cases seemed to be very consistent that in this situation Williams Rule statement should be, evidence should be allowed. The acts, the Court finds the acts were committed, there's clear and convincing evidence based on the testimony of the – some of the children are now, I think one was 16 at the time of the last event, they're now older, they're mature, their statements, depositions were consistent. The Court finds that the events occurred by clear and convincing evidence. Again, the balancing test, this is very probative as to the issues discussed, motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, so those statements would be admissible.

(*Id.* at 204–06.)

During trial, the trial judge gave the following limiting instruction to the

jury prior to testimony by the victim about other times Petitioner touched

her inappropriately, prior to testimony by the victim's sister that Petitioner

had also touched her in an appropriate way, and prior to testimony by

Petitioner's ex-stepdaughter that Petitioner had also touched her in an

appropriate way when she was a child:

> Members of the jury, the evidence you are about to receive
> concerning evidence of other crimes, wrongs or acts allegedly
> committed by the defendant will be considered by you for the
> limited purpose of proving motive, opportunity, intent,
> preparation, plan, knowledge, or the absence of mistake or
> accident on the part of the defendant. And you shall consider it
> only as it relates to those issues. However, the defendant is not
> on trial for a crime, wrong or act that is not included in the
> information.

(ECF No. 16-2 at 56, 89, 125.)[4]

Once the state rested, defense moved for a mistrial, arguing that the

*Williams* rule evidence had become a feature of the trial:

> Your Honor, at this time the defense would move for a mistrial

---

[4] The limiting instruction given prior to testimony by the victim's sister was
essentially the same: "Members of the jury, the evidence you're about to receive
considering evidence of other crimes, wrongs or acts allegedly committed by the
defendant will be considered by you for the limited purpose of proving motive,
opportunity, intent, preparation, plan, knowledge, or the absence of mistake or accident
on the part of the defendant. And you shall consider it only as it relates to those issues.
However, the defendant is not on trial for a crime, wrong or act that is not included in
the information." (ECF No. 16-2 at 89.) The limiting instruction given prior to testimony
by Petitioner's ex-stepdaughter was also essentially the same: "The evidence you are
about to receive concerning evidence of other crimes, wrongs or acts allegedly
committed by the defendant will be considered by you for the limited purpose of proving
motive, opportunity, intent, preparation, plan, knowledge, or the absence of mistake or
accident on the part of the defendant. You shall consider it only as it relates to those
issues. However, the defendant is not on trial for a crime, wrong or act that has not
been included in the information." (*Id.* at 125.)

based on the fact that the Williams Rule evidence, while you had ruled it was admissible, it has become a feature of the trial. There is one incident alleged in the information although it is charged in two different ways. One incident in Panama City. There has been extensive testimony elicited by the state from the victim as to other incidents here in Bay County, in Colorado and in California. Her sister, Amber, testified to numerous occasions of abuse in Colorado. And Brandi Williams testified that there was at least 50 times that she alleges abuse although she could only pinpoint two occasions and describe them with any particularity. However, based on the testimony surrounding what is charged here is very small in comparison to all the Williams Rule evidence and it has unfortunately become the feature of the trial and it has prejudiced my client. And so we would move for a mistrial.

(*Id.* at 192.) In response, the state argued,

all of the evidence that's been presented was certainly in our notice of the Williams Rule evidence that you deemed admissible in this trial. We have not admitted any evidence that was not relevant and we have tried to limit it as much as possible. However, it is relevant and it is probative and the jury certainly deserved to hear it. The fact that it happened outside this jurisdiction and we could not actually charge Mr. Martinez here is unfortunate but we have done our best to limit it to the absolute necessary things that we have felt were probative in this case and it certainly, while it is damaging evidence, I would submit that all of the evidence that's been admitted into this case against Mr. Martinez is damaging. So the state would move for you to deny the mistrial.

(*Id.* at 192–93.) The trial judge denied the motion for mistrial. (*Id.* at 193.)

Defense counsel then moved for judgment of acquittal, which the trial

judge also denied. (*Id.*)

After closing arguments the judge read the jury instructions, which

included a *Williams* rule instruction:

> The evidence which has been admitted to show other crimes, wrongs or acts allegedly committed by the defendant will be considered by you only as that evidence relates to proof of motive, opportunity, intent, preparation, plan, knowledge, or the absence of mistake or accident on the part of the defendant. However, the defendant is not on trial for a crime, wrong or act that is not included in the information.

(*Id.* at 241.) On November 21, 2013, following deliberation, the jury found Petitioner guilty on both counts. (ECF No. 16-1 at 128; ECF No. 16-2 at 264–65.) The trial judge withheld sentencing on count two and sentenced Petitioner to life imprisonment on count one. (ECF No. 16-2 at 266–67.)

Petitioner, through counsel, filed a notice of appeal that same day, presenting seven judicial acts to be reviewed on appeal: (1) the trial court erred in the denial of Petitioner's motion in limine to exclude similar fact evidence; (2) the trial court erred in the denial of Petitioner's objection to introduction of child hearsay evidence; (3) the trial court erred in the denial of Defendant's objection to the amended information; (4) the trial court erred in allowing the state to introduce the supposed telephone statement of Petitioner's wife regarding what Petitioner was doing/saying in Colorado; (5) the trial court erred in the denial of Petitioner's motion for mistrial that similar fact evidence had become a feature of the trial; and (6) the trial court erred prejudicially in the imposition of the judgment; and (7) the trial

court erred prejudicially in the imposition of the sentence. (ECF No. 16-1 at 137, 143–44.) Petitioner, via counsel, however, only raised three arguments in his appellate brief: (1) The trial court erred in overruling the defense objection before jury selection to the amendment of the information which added a substantive charge that prejudiced the defense as to the original charge; (2) The trial court erred in admitting hearsay statements by a child over eleven years of age and in admitting child hearsay statements that were excessively cumulative to the child's trial testimony; and (3) The trial court erred in denying the defense motion for mistrial because collateral crimes evidence became a feature of the trial. (ECF No. 16-2 at 326–59.) On February 4, 2015, the First District Court of Appeal ("First DCA") per curiam affirmed without written opinion. (*Id.* at 387–89.)

In the meantime, on January 27, 2015, Petitioner filed a *pro se* petition for writ of habeas corpus in the Supreme Court of Florida, presenting three grounds for relief: (1) The trial court erred in the understanding, application, and implementation of "the *Williams* rule" in Petitioner's case; (2) The current proceedings in the First DCA were moot and frivolous; and (3) The lower tribunal did not have jurisdiction to entertain the matter without the erroneous implementation of "the *Williams*

rule" transcending into the First DCA's review. (ECF No. 16-3 at 1–7.) In that petition Petitioner also argued that on appeal, both appellate counsel and opposing counsel failed to include *Williams v. State* in their table of authorities/citations. (*Id.*) He further argued that he did not have any prior arrests or convictions at the time of trial and did not take the stand a trial so the *Williams* rule evidence should not have been allowed. (*Id.*) In sum, Petitioner claimed that the erroneous *Williams* rule evidence violated the entire trial and also carried over into his proceedings on appeal. (*Id.*)

In response the state argued that the petition should be denied on the merits because the petition was essentially a request for an additional appeal under the Supreme Court of Florida's discretionary jurisdiction. (*Id.* at 68; ECF No. 1 at 117–18.) The state argued that while the Supreme Court of Florida "is authorized to issue a writ of habeas corpus to test the legality of an imprisonment," Petitioner was "attempting to use his Petition for Writ of Habeas Corpus to invoke [the Supreme Court of Florida's] discretionary jurisdiction with an additional appeal." (ECF No. 1 at 118.) But, because "[a] petition for extraordinary relief is not a second appeal and cannot be used to litigate or relitigate issues which were or could have been raised on direct appeal or in postconviction proceedings," the state requested that the petition be denied. (*Id.*)

On May 4, 2015, the Supreme Court of Florida denied the petition in part and dismissed the petition in part, stating:

> To the extent that petitioner seeks immediate release, the petition for writ of habeas corpus is hereby denied as procedurally barred. A petition for extraordinary relief is not a second appeal and cannot be used to litigate or relitigate issues that were or could have been raised on direct appeal or in prior postconviction proceedings. *See Denson v. State*, 775 So. 2d 288, 290 (Fla. 2000); *Breedlove v. Singletary*, 595 So. 2d 8, 10 (Fla. 1992). To the extent that petitioner seeks review of the proceedings in Case No. 1D13-5662,[5] the petition is hereby dismissed for lack of jurisdiction. *Grate v. State*, 750 So. 2d 625 (Fla. 1999).

(ECF No. 16-3 at 69).

Petitioner then filed the instant Petition in this Court on June 15, 2015. (ECF No. 1.)

## Scope of Federal Habeas Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000). Under § 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("The habeas

---

[5] Case No. 1D13-5662 was Petitioner's appeal to the First DCA.

statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'").

"[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 7654, 780 (1990)). "Questions of state law rarely raise issues of federal constitutional significance, because 'a state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) (quoting *Carrizales v. Wainwright*, 699 F.2d 1053, 1053–54 (11th Cir. 1983)). Federal habeas relief will only be granted for state law errors if the alleged errors were so critical that they rendered the entire trial fundamentally unfair in violation of the right to due process. *Id.*; *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

A violation of a state statute or rule of procedure is not, however, in itself a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120–21 (1982); *Branan*, 861 F.2d at 1508. The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is "couched" in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508.

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* § 2254(d)(1). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67; *Carrizales*, 699 F.2d at 1054–55.

## Discussion

### Ground One: The trial court did not err in the understanding, application and implementation of "The Williams Rule."

As an initial matter, ground one fails to raise a federal constitutional issue on which habeas relief can be granted. Nothing in ground one references federal law or the Constitution, nor does ground one suggest that Petitioner's rights were somehow violated under federal law or the Constitution. To the extent ground one challenges the state court's evidentiary rulings, the claim is a state law claim for which habeas relief is not available.

Even assuming ground one is liberally construed as a federal due process claim, the claim is unexhausted. Petitioner did not present this federal issue on appeal to the First DCA. Petitioner also did not file a

motion for postconviction relief in the circuit court. *See* Fla. R. Crim. P. 3.850(a) (grounds for a Rule 3.850 motion include where the judgment was entered in violation of the Constitution or laws of the United States). Although Petitioner did present this claim in his petition to the Supreme Court of Florida, the court summarily denied this claim as procedurally barred.

"When a state court issues a summary denial on a claim that is procedurally barred and nothing in the disposition discusses the merits of the federal claim, we 'cannot assume that had the [state court] explained its reasoning, it would have reached the merits of [the] claim.'" *Zeigler v. Crosby*, 345 F.3d 1300, 1310 (11th Cir. 2003)  (citing *Knight v. Singletary*, 50 F.3d 1539, 1545 (11th Cir. 1995); *Coleman v. Thompson*, 501 U.S. 722 (1991)). Nothing in the Florida Supreme Court's disposition discusses the merits of this claim. Likewise, the state's response merely argued that the petition should be denied because it was essentially a request for an additional appeal. Thus, because the state also did not discuss the merits of the claim, this Court cannot assume that the Florida Supreme Court's summary denial considered the merits of the claim. *See Zeigler v. Crosby*, 345 F.3d at 1310 (district court properly concluded that petitioner's claim was procedurally barred where Florida Supreme Court summarily denied

his state habeas petition and nothing in the state's response to his state habeas petition discussed the merits of the claims). Ground one is therefore unexhausted.

To the extent this claim is liberally construed as a due process claim, this claim is also procedurally defaulted because the time-period for Petitioner to file a postconviction motion has expired. *See* Fla. R. Crim. P. 3.850(b) (establishing a two-year limitations period for a Rule 3.850 motion).

A procedurally defaulted claim like Petitioner's can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice for the default. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Attorney error that constitutes ineffective assistance of counsel violative of the Sixth Amendment can render "cause." *Murray v. Carrier*, 477 U.S. 478, 487 (1986). But, an ineffective assistance of counsel claim must generally be presented to the state courts as an independent claim before it can be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (citing *Murray*, 477 U.S. at 489). In

such case, unless the prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, the ineffective assistance of counsel claim cannot serve as cause for another procedurally defaulted claim. *Id.* at 453. To show prejudice, the petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

Second, the petitioner may show that enforcing the procedural default would result in a fundamental miscarriage of justice. *Mize*, 532 F.3d at 1190. To show a fundamental miscarriage of justice, the petitioner must show that in light of new evidence, no reasonable juror would have convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner has failed to demonstrate either cause and prejudice for the default or a fundamental miscarriage of justice. In his reply, Petitioner references *Martinez v. Ryan*, 556 U.S. 1 (2012),[6] and makes vague

---

[6] In *Martinez* the United States Supreme Court held,

[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

references to ineffective assistance of counsel. While ineffective assistance of counsel can demonstrate cause for the default in some situations, it cannot do so here.

The proper avenue for Petitioner to raise his federal claim was via a Rule 3.850 motion. Petitioner was not entitled to counsel for a Rule 3.850 postconviction motion. Moreover, Petitioner failed to timely file a *pro se* motion for postconviction relief. Petitioner says he did not file a motion for postconviction relief because he "had lost all confidence on the Low State Courts." (ECF No. 18 at 13.) He also says that he thought that when extensions of time were granted, those extensions also extended the time period for him to file a Rule 3.850 motion. Neither Petitioner's loss of confidence in the state courts nor his misunderstanding of the law constitute "cause" for his default.

Because Petitioner cannot show cause for his default, the Court need not proceed to the issue of prejudice. *See Ward v. Hall*, 592 F.3d 1144 (11th Cir. 2010) ("It is well established that if the petitioner fails to show cause, we need not proceed to the issue of prejudice."). Petitioner also has not shown based upon new evidence that no reasonable juror would have convicted him. He therefore cannot demonstrate a fundamental

---

566 U.S. at 17.

miscarriage of justice to excuse his procedural default. *See Mize*, 532 F.3d at 1190. Accordingly, he is not entitled to relief on ground one.

**Ground Two: Petitioner frames the issue as: "The [First] District Court of Appeal[']s proceedings were friv[o]lous and moot due to erroneous filings by appellate and opposing counsels – tables of citations/authorities did not include citing "Williams v. State."**

Ground two also fails to raise a federal claim for which habeas relief may be granted. Nothing in ground two or Petitioner's reply suggests that the First DCA's proceedings somehow violated his federal or Constitutional rights. Ground two should therefore be denied.

Even assuming ground two is liberally construed as a due process claim, the claim is unexhausted and procedurally defaulted for the same reasons as ground one. Petitioner also cannot demonstrate cause and prejudice for his default, nor has he demonstrated a fundamental miscarriage of justice for the same reasons discussed above. Accordingly, even liberally construed as a due process claim, ground two should be denied.

**Ground Three: Petitioner frames the issue as: "The lower tribunal did not have jurisdiction to entertain the matter without the erroneous implementation of "The Williams Rule," which vitiated the entire trial including bolstering."**

Like grounds one and two, ground three fails to raise a federal claim for which habeas relief may be granted. Nothing in ground three or

Petitioner's reply suggests that the state courts somehow violated his federal or Constitutional rights. Accordingly, ground three should be denied.

Even if ground three is liberally construed as a due process claim, the claim is unexhausted and procedurally defaulted for the same reasons as ground one. Petitioner also cannot demonstrate cause and prejudice for his default, nor has he demonstrated a fundamental miscarriage of justice for the same reasons set forth above. Thus, even liberally construed as a due process claim, ground two should be denied.

**Ground Four: Petitioner frames the issue as: "Support to "The Williams Rule" is its foundation case Martin v. State – Defendant had no prior convictions and was not a witness on his own behalf – contrary to state attorney's su[p]pression."**

As an initial matter, it is unclear whether ground four challenges the trial court's ruling to allow the *Williams* rule evidence at trial or something else. To the extent, however, ground four challenges the trial court's ruling to allow the *Williams* rule evidence, this claim is essentially the same claim as ground one and due to be denied for the same reasons.

To the extent this claim is somehow different, however, ground four fails to raise a federal claim for which habeas relief may be granted. Nothing in ground four or Petitioner's reply suggests that his federal or

Constitutional rights were violated. Accordingly, ground four should be denied.

Even if ground four is liberally construed as a due process claim, the claim is unexhausted and procedurally defaulted for the same reasons as ground one. Petitioner also cannot demonstrate cause and prejudice for his default, nor has he demonstrated a fundamental miscarriage of justice for the same reasons set forth above. Accordingly, even liberally construed as a due process claim, ground four should be denied.

### *Ground Five: Petitioner frames the issue as: "Motion to hear and rule Petitioner's objection to Clerk's striking of Petitioner's response to state's reply."*

Petitioner argues in Ground five that the Supreme Court of Florida erred in either (1) striking Petitioner's surreply, or (2) dismissing his petition in part and denying his petition in part. Regardless, like Petitioner's other four claims, ground five fails to present a claim for which federal habeas relief is available. Ground five does not suggest that the Florida Supreme Court's ruling somehow violated Petitioner's constitutional rights.

Furthermore, even if ground five is liberally construed as a due process claim, the claim is unexhausted because it was never raised in state court and procedurally defaulted at this juncture. And for the same reasons set forth above, Petitioner has failed to demonstrate either cause

and prejudice for the default or a fundamental miscarriage of justice. Ground five should therefore be denied.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the

Petition for a writ of habeas corpus, ECF No. 1, should be **DENIED**, and

that a certificate of appealability be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida this 26th day of March 2018.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**